## Concettina Garofalo et al. v. The Permacrete Corporation

Court of Common Pleas          File No. 9816
Judicial District of Waterbury

Memorandum filed April 30, 1948.

*William K. Lawlor,* of Waterbury, for the Plaintiffs.

*Charles R. Summa,* of Waterbury, for the Defendant.

FITZGERALD, J. The plaintiffs, who are husband and wife, are seeking by their complaint to have declared null and void a certain mechanic's lien placed on the land records of Waterbury by the defendant, and to which reference hereinafter will be made. Their action is based on § 5127 of the General Statutes. The context of the statute reads: "Any person having an interest in any real estate described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor to discharge the same in the office where recorded, and may, if such request shall not be complied with in thirty days, bring his complaint to the court which would have jurisdiction of the foreclosure of such lien, if valid, claiming such discharge, and such court may adjudge the validity or invalidity of such lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request, and a certified copy of such judgment of invalidity recorded on the land records of the town where such certificate of lien was filed, shall fully discharge the same."

The defendant by its counterclaim is seeking to recover of the plaintiffs for the reasonable value of cinder blocks supplied by it to one Guillet, a building contractor, used by him in the construction of a cellar on property of the plaintiffs, and to which reference hereinafter will be made.

The material facts are these: On April 21, 1947, the plaintiffs and one Jerry Guillet entered into a written contract of which the following provisions are of present moment. Guillet agreed to build a seven-room house on a lot owned by the plaintiffs on Highland Avenue, Waterbury, at a cost of $10,000, payments to be made by the plaintiffs in three instalments, namely, $3,000 upon the signing of the contract, $4,000 upon the completion of the roof and rough siding, and $3,000 upon completion of the building. The plaintiffs paid over to Guillet $3,000 upon the signing of the contract, $2700 by check and $300 in cash. No other payment has ever been made by the plaintiffs to Guillet or to anyone on his behalf. Guillet commenced to dig the cellar about May 1, 1947. In early June of that year Mr. Cappelletti, an officer of the defendant corpora-

tion, read in a newspaper that a building permit had been issued for the job and called upon the plaintiff wife to ascertain the name of the contractor. The defendant corporation is engaged in the business of selling cinder blocks and other concrete products used in the construction of buildings. The name of Guillet was given to Mr. Cappelletti as the contractor, resulting in the defendant selling to Guillet cinder blocks amounting in value to $955.88 and which were delivered upon the plaintiffs' lot in various loads between June 27 and August 29, 1947. Most, if not all of these blocks were used by Guillet in the construction of the cellar. Guillet abandoned his contract with the plaintiffs after the construction of the cellar and has left the community. The defendant did not have an agreement in writing with Guillet respecting the blocks nor the written assent of the plaintiffs relative thereto. So also the defendant has never been paid for the blocks. On October 22, 1947, the defendant filed with the plaintiffs notice of intention to claim a mechanic's lien and on the same day filed on the land records of Waterbury such lien in the amount of $955.88 against the property.

The decision of the issues under the complaint and counterclaim require a consideration of the mechanic's lien statutes. In *New Haven Orphan Asylum* v. *Haggerty Co.,* 108 Conn. 232, many of the pertinent statutes are analyzed and discussed. Sections 5217-5220, inclusive, of the 1918 Revision, there considered, now appear as §§ 5105-5108, inclusive, of the Revision of 1930. Section 5108 contains a provision which is deemed of importance to the problem posed under the complaint. It reads: ". . . . in determining the amount to which any lien or liens shall attach upon any land or building, the owner of such land or building shall be allowed whatever payments he shall have made, in good faith, to the original contractor or contractors, before receiving notice of such lien or liens."

It is found that the plaintiffs, in paying over to Guillet $3000 upon the signing of the contract of April 21, 1947, did so in good faith. This was before the defendant furnished cinder blocks to Guillet and before the second instalment of $4000 came due under the contract, because of Guillet's abandonment of that contract. The conclusion reached is that any initial validity of the lien which was filed within sixty days of the furnishing of materials by the defendant (§ 5106; *New Haven Orphan Asylum* case, supra, 241) lost its effect as such by Guillet's conduct. Had the second instalment of $4000 been

earned under that contract, or not earned but due at least so far as fortified lienors were concerned, the conclusion could be different. But this comment is outside of the orbit of the facts. That the lien as such had a life of inactivity for only two years (§ 5118), or that the plaintiffs could have resorted to its dissolution by the filing of a bond (§ 5110), are not deemed detrimental to the plaintiffs' statutory action.

The statute upon which the plaintiffs rely and invoke (§ 5127) is deemed to be of sufficient scope to encompass the relief asked on the facts stated. Had the defendant been before the court seeking to foreclose upon its lien, the same facts as recited would be the facts capable of presentation, and judgment denying foreclosure would result. In law as in geometry the shortest distance between two points is always a straight line.

Little need be said about the counterclaim. The defendant and the plaintiffs dealt with Guillet to their detriment. As between the defendant and the plaintiffs the mechanic's lien statutes would have protected the defendant in giving it a security from the standpoint of an enforceable lien against the plaintiffs' property, provided Guillet did not abandon his contract in the manner described. The law does not extend beyond this remedy. All parties to these combined actions had an equal opportunity to investigate Guillet. In dealing with him they have suffered the consequences of a misplaced trust. To hold the plaintiffs responsible for an obligation of Guillet to the defendant, on the facts presented, would in effect destroy the basis, theory, scope and intendment of the mechanic's lien statutes in their entirety. That a few unused blocks may remain on the premises (and the evidence is sketchy on this phase) is no assistance to the court in setting damages as to them (if allowable), for no yardstick of measure as to numbers and value has been given. So far as appears, nothing stands in the defendant's way to recover such unused blocks, if such there be.

The issues are found for the plaintiffs on their complaint and for the plaintiffs on the defendant's counterclaim. The plaintiffs may have a judgment declaring null and void the mechanic's lien in question, discharging the same of record as invalid, with damages of $1 and costs. Certified copy of the judgment declaring invalid said lien is to be recorded on the land records of Waterbury as required by statute.